[No. 12636. In Bank. — November 1, 1890.]

JOHN SILVA, APPELLANT, *v.* MARIA L. SERPA
ET AL., RESPONDENTS.

APPEAL — DISMISSAL — SERVICE OF NOTICE UPON CLERK — PARTY ABSENT
FROM STATE. — An appeal will not be dismissed for failure to serve the
notice of appeal personally upon a party who appeared in his own per-
son, and had no attorney, if it appears, from an affidavit filed in the
court below, and properly certified to this court, that, at the time the
appeal was taken and the notice served, such party was absent from
the state, and the record shows that the notice of appeal was served on
the clerk for him.

FORECLOSURE OF MORTGAGE — LIEN OF JUDGMENT FOR ALIMONY — PRIORITY
— FRAUD — WANT OF CONSIDERATION — EVIDENCE — ADMISSIONS OF
MORTGAGOR — PREJUDICIAL ERROR. — In an action to foreclose mort-
gages, in which the priority of the lien of the mortgages was contested by
the divorced wife of the mortgagor, and the lien postponed by the court
to the lien of a judgment in her favor for alimony, on the alleged ground
that the mortgages were executed without consideration to defraud cred-
itors, and to cheat her out of her claim for alimony, the admission in
evidence of *ex parte* statements and admissions of the mortgagor, made
after the execution of the mortgages, in support of the alleged charges,
is error presumably prejudicial to the mortgagee, and is ground for re-
versal of so much of the decree of foreclosure as postpones the lien of the
mortgages to the lien of the judgment.

LXXXVI. CAL.—16

APPEAL from part of a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion of the court.

*John L. Hudner, M. T. Dooling,* and *J. H. Campbell,* for Appellant.

The declarations of the mortgagor after the execution of the mortgages were not admissible to impeach their validity. (*Walden* v. *Purvis,* 73 Cal. 518; *Hutchings* v. *Castle,* 48 Cal. 152; *Jones* v. *Morse,* 36 Cal. 205; *Spanagel* v. *Dellinger,* 38 Cal. 278; *Tompkins* v. *Crane,* 50 Cal. 478; *Winchester etc. Co.* v. *Creary,* 116 U. S. 161; *Visher* v. *Webster,* 13 Cal. 58; *Gallagher* v. *Williamson,* 23 Cal. 331; 83 Am. Dec. 114; *Galland* v. *Jackman,* 26 Cal. 87; 85 Am. Dec. 172; *Whitney* v. *Durkin,* 48 Cal. 462; *Garlick* v. *Bowers,* 66 Cal. 122; *Briswalter* v. *Palomares,* 66 Cal. 259; *Taylor* v. *C. P. R. R.,* 67 Cal. 615; *Roberts* v. *Medberry,* 132 Mass. 100; *Clarke* v. *Waite,* 12 Mass. 438; *Winchester* v. *Charter,* 97 Mass. 140; *Holbrook* v. *Holbrook,* 113 Mass. 74; *Sanford* v. *Ellithrop,* 95 N. Y. 48; *Perkins* v. *Towle,* 59 N. H. 583; *Cohn* v. *Mulford,* 15 Cal. 51; 1 Greenl. Ev., sec. 111; Code Civ. Proc., sec. 1870, subd. 6.) The declarations were not admissible in proof of a conspiracy to defraud. (*People* v. *Irwin,* 77 Cal. 494.) The testimony was presumptively injurious to appellant, and it rests upon respondent to show that its prejudicial effect was obviated or removed. (*Hausman* v. *Hausling,* 78 Cal. 283; *Cleary* v. *City R. R. Co.,* 76 Cal. 240; *Grimes* v. *Fall,* 15 Cal. 63; *Lally* v. *Wise,* 28 Cal. 544; *Mudgett* v. *Horrell,* 33 Cal. 28; *Spanagel* v. *Dellinger,* 38 Cal. 282; *Mason* v. *Wolff,* 40 Cal. 246, 249; *Sweeney* v. *Reilly,* 42 Cal. 403; *McCreery* v. *Everding,* 44 Cal. 252.)

*N. C. Briggs,* for Respondents.

Where fraud is consummated by several acts, extending over a period of time, and done by more than one

person, the acts and declarations of each are a part of the *res gestæ,* and are admissible.   There was a conspiracy to execute, deliver, receive, hold, foreclose, purchase, and hold title for Serpa beyond the reach of creditors and the defendant Maria.   (Code Civ. Proc., sec. 1850; *Davis* v. *Drew,* 58 Cal. 158; *People* v. *Brotherton,* 47 Cal. 389.)   When a case is tried by the court without a jury, and testimony is improperly admitted, the supreme court will not reverse the judgment for that reason alone.   It must be shown that the court would not have so decided without the improper evidence, and unless it is so shown by the record, the judgment will not be reversed.   (*Silvarer* v. *Hansen,* 77 Cal. 579.)

Vanclief, C. — The action was to foreclose two mortgages executed to the plaintiff by the defendant Joaquin S. Serpa to secure payment of his promissory notes, the first mortgage, dated June 2, 1885, to secure fifteen hundred dollars, with interest, and the second, dated September 14, 1885, to secure six hundred dollars.   The respondent Maria L. Serpa was made defendant on the alleged ground that she had, or claimed to have, some interest in or lien upon the mortgaged property subject to the mortgage.   The mortgagor, Joaquin S. Serpa, in person, without an attorney, demurred generally to the complaint, and his demurrer being overruled, failed to answer, and his default was duly entered.   The defendant Maria answered to the effect that, after the execution of the mortgages, in July, 1886, she married the defendant Joaquin; that in January, 1887, by a decree of the superior court in which this action was brought, she obtained a divorce from said Joaquin on the ground of extreme cruelty, and also a judgment against him for $290, and for forty dollars per month as permanent alimony, which judgment was duly docketed immediately after it was entered, and that said judgment remains in full force, and is a lien upon the mortgaged property.

She further alleged, in substance, that there never was any consideration for said notes or mortgages to plaintiff, and that nothing was ever due or owing thereon from defendant Joaquin to the plaintiff, but that they were executed for the sole purpose of defrauding Joaquin's creditors, and that the purpose of the attempt to enforce and foreclose them in this action is to cheat and defraud her out of the money due and to become due her on said judgment. As between the plaintiff and the defendant Maria, the court found in her favor on all the issues. As between the plaintiff and the mortgagor (Joaquin), the court, upon the default of the latter, ordered the mortgaged property to be sold to satisfy the mortgages, but subject to the lien of the judgment in favor of the defendant Maria. The plaintiff appeals from that part of the judgment in favor of the defendant Maria, upon the judgment roll containing a bill of exceptions.

1. Respondent has moved to dismiss the appeal, on the alleged ground that the notice of appeal was not served on the defendant Joaquin. It appears, however, by affidavit filed in the court below, and properly certified to this court (*Moore* v. *Besse*, 35 Cal. 184), that at the time the appeal was taken and the notice thereof served, the defendant Joaquin resided out of this state, and the record shows that the notice of appeal was served on the clerk for him. As he had appeared in person, and had no attorney, this was proper service. (Code Civ. Proc., sec. 1015.)

2. The bill of exceptions shows that, on the trial, the defendant Maria, and other witnesses on her behalf, were permitted by the court, against proper objections by plaintiff's counsel, to testify to statements and admissions of the defendant Joaquin, in regard to the notes and mortgages in suit, the purpose for which they were executed, and as to the consideration therefor, made ten months and a year after their execution. Frank Pendro was thus permitted to testify that in August, 1886, the

defendant Joaquin told witness that "the only reason he had mortgaged was on account of a difficulty with his former wife; that he put mortgage, not to borrow money, but to avoid paying; that he did not owe John Silva anything; that he had trusted Silva, and had given mortgage, but could get it back at any time; and that, if I would buy, we would go and see Silva, and I could get a good title." The defendant Maria was thus permitted to testify that in November or December, 1886, Joaquin told her about the mortgages, and said: " They were put on on account of trouble he had with the Portuguese society, but that he never received any money for them; that they went before a justice of the peace when mortgage was made, and Silva gave him three hundred dollars, but that he gave it back to him in half an hour after." That the admission of this testimony, against the objection of plaintiff's counsel, was error presumably prejudicial to plaintiff is too plain to require argument or the citation of authority. The rights of the mortgagee could not have been prejudicially affected by the *ex parte* statements or admissions of the mortgagor made after the execution of the mortgages. I think the motion to dismiss the appeal should be denied, and that part of the judgment appealed from should be reversed, and the cause remanded for a new trial between the plaintiff and the defendant Maria L. Serpa only.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the motion to dismiss the appeal is denied, and that part of the judgment appealed from is reversed, and the cause remanded for a new trial between the plaintiff and the defendant Maria L. Serpa only.